## SET-OFF AGAINST BALANCE DUE FOR WORK ON PUBLIC BUILDINGS.

[Circuit Court of Lorain County.]

ROBERT A. MCCLURE v. LORAIN COUNTY COMMISSIONERS.

Decided, October 12, 1902.

*Contract—Damages for Injury to Steam Heating System—Becomes a Valid Set-Off—Where due to Negligence of Contractor for Work on Public Buildings.*

An admitted liability by a contractor for injury to steam heating system, while at work on a public building in which the system is located, becomes a valid set-off against balance due the contractor on account of the work.

HALE, J. (orally); CALDWELL, J., and MARVIN, J., concur.

Heard on error.

The case of McClure v. Lorain County Commissioners, in error to the court of common pleas. The commissioners of Lorain county were erecting a building in Oberlin to be used as a children's home. The first contractor who undertook to do the work defaulted before completing the building, and the commissioners entered into three separate contracts with McClure for the completion of the building. He brought his action to enforce payment upon these contracts of the balance claimed to be due him. While there are a number of issues made in the case, it is agreed by the parties that the amount unpaid to McClure at the time the action was brought was $431.01, and that he was entitled to judgment for that amount, unless the set-off pleaded by the commissioners was to be allowed, and that whatever was to be allowed upon that set-off should be deducted from the $431.01. The only issue submitted to the court was, whether that set-off should be allowed in whole or in part, and if so allowed, deducted from this amount, and judgment rendered for the balance.

The substance of that set-off is this: Prior to making these contracts with McClure the commissioners had placed in that build-

ing a steam heating system complete, and that while McClure was in possession of the building completing the building under his contracts he so negligently and carelessly operated and used this steam heating system as to cause it great injury; that he allowed the pipes to fill with water, freeze and burst, rendering the system useless without repairs; that after this was done McClure and the commissioners entered into a contract by which McClure recognized his liability for the loss and injury to the heating system, and agreed with the commissioners that they should employ a plumber to make the necessary repairs, and deduct from the amount due him the sum that it should cost to make those repairs.

A jury was waived and the case submitted to the court. Testimony was given by each side, the one tending to support and the other tending to disprove the contract, but that testimony is of such a nature and of such a character, that this court would not be authorized to disturb the finding of the trial court, because not supported by sufficient evidence.

It is said, however, that there was no consideration for this contract; that McClure was not in any way responsible for this loss. He did this work by a subcontractor, who, he alleges, was an independent contractor, and if the independent contractor meddled with this steam heating system in any way, causing the injury, he was not responsible for it. But it is sufficient to say a claim was made by the commissioners that he was so responsible. And if, in settlement of that claim, he agreed with them, as they allege he did agree, it would be a sufficient consideration.

Again, if he was in fact responsible for the loss of this steam heating system, there would be no question about his liability to the commissioners for the loss sustained thereby. There is only one view of the case in which his claim for a want of consideration could possibly be sustained. If the commissioners, for the purpose of preserving the building, bought the coal to heat the building, not for the purposes of the contractor, but for their own purposes, and the sub-contractor was really keeping up the fires because the commissioners desired him to do it to preserve the building, it might well be said the principal contractor was not responsible; but that case is hardly made in the proof.

If, as I have stated, the commissioners made the claim of McClure that he was responsible for this loss, which he conceded and made a promise to pay, or if McClure was in fact responsible for the loss, there was a sufficient consideration to support the claim.

The result of our investigation is that the record presents no cause for reversal of the judgment. The judgment of the court of common pleas is affirmed.